JUSTIN D. WHATCOTT, IDAHO STATE BAR NO. 6444
ACTING UNITED STATES ATTORNEY
KELSEY A. MANWEILER, IDAHO STATE BAR NO. 10604
SPECIAL ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211

**U.S. COURTS**

**AUG 12 2025**

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

UNITED STATES OF AMERICA,

Plaintiff,

vs.

JUAN PULIDO,

Defendant.

Case No. 1:25 cr 224·AKB

**INDICTMENT**

**21 U.S.C. § 841(a)(1) and (b)(1)(A)**
**21 U.S.C. § 853**

The Grand Jury charges:

## COUNT ONE

### Possession with Intent to Distribute Methamphetamine
### 21 U.S.C. § 841(a)(1) and (b)(1)(A)

On or about September 30, 2024, in the District of Idaho, the Defendant, JUAN PULIDO, did knowingly possess with intent to distribute 500 grams or more of a mixture and substance containing methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A).

INDICTMENT - 1

## CRIMINAL FORFEITURE ALLEGATION
### 21 U.S.C. § 853

Upon conviction of the offense alleged in this Indictment, the Defendant, JUAN PULIDO, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property, real and personal, tangible and intangible, consisting of or derived from any proceeds the said Defendant obtained directly or indirectly as a result of the foregoing offense; and any and all property, real and personal, tangible and intangible, used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the foregoing offenses. In addition, the United States shall seek forfeiture of any firearms or ammunition involved or used in the commission of any of the offenses pursuant to 18 U.S.C. § 924(d), including but is not limited to, the firearm, ammunition, or accessories listed below.

The property to be forfeited includes, but is not limited to, the following:

1.    Seized Property.

    a.    $3,680.00; and

    b.    any associated ammunition and accessories.

2.    Unrecovered Cash Proceeds and/or Facilitating Property. The Defendant obtained and controlled unrecovered proceeds of the offense of conviction, or property derived from or traceable to such proceeds, and property the Defendant used to facilitate the offense, but based upon actions of the Defendant, the property was transferred, diminished, comingled, or is otherwise unavailable.

3.    Substitute Assets. Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government will seek forfeiture of substitute assets, or "any other property of the defendant" up to the value of the Defendant's assets subject to forfeiture. The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

INDICTMENT - 2

a.    Cannot be located upon the exercise of due diligence;

b.    Has been transferred or sold to, or deposited with, a third person;

c.    Has been placed beyond the jurisdiction of the court;

d.    Has been substantially diminished in value; or

e.    Has been commingled with other property which cannot be subdivided without difficulty.

Dated this 12th day of August, 2025.

A TRUE BILL

*/s/ [signature on reverse]*

_____

FOREPERSON

JUSTIN D. WHATCOTT
ACTING UNITED STATES ATTORNEY
By:

_____

KELSEY A. MANWEILER
SPECIAL ASSISTANT UNITED STATES ATTORNEY

**INDICTMENT** - 3